UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
In re:                                                                  Chapter 7

PRETTY GIRL, INC.,                                                      Case No: 14-11979-SHL

                      Debtor.
-----------------------------------------------------------------------x
SALVATORE LAMONICA, AS CHAPTER 7
TRUSTEE OF PRETTY GIRL, INC.,
                                                       Adv. Pro. No. 16-01145-SHL
                      Plaintiff,

    - against -

NEDM PAYABLES CORP.,

                      Defendant.
-----------------------------------------------------------------------x

---

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION
FOR PARTIAL SUMMARY JUDGMENT ON HIS SECOND, THIRD,
AND SIXTH CLAIMS FOR RELIEF**

---

**LaMONICA HERBST & MANISCALCO, LLP**
*Counsel to Salvatore LaMonica, solely as Chapter 7 Trustee
of the Estate of Pretty Girl, Inc.*

3305 Jerusalem Avenue
Wantagh, New York 11793
Telephone: (516) 826-6500

David A. Blansky, Esq.

# TABLE OF CONTENTS

**PRELIMINARY STATEMENT** ........................................................................................ 1

**STATEMENT OF JURISDICTION** .............................................................................. 2

**STANDARD OF REVIEW** ............................................................................................ 2

**BACKGROUND** ............................................................................................................ 4

**ARGUMENT** .................................................................................................................. 6

    I.    THE PLAINTIFF IS ENTITLED TO JUDGMENT WITH RESPECT TO HIS SECOND CLAIM FOR RELIEF AVOIDING THE TRANSFERS AS FRAUDULENT TRANSFERS PURSUANT TO BANKRUPTCY CODE § 544(b) AND DCL § 273 ...... 6

    II.    THE PLAINTIFF IS ENTITLED TO JUDGMENT WITH RESPECT TO HIS THIRD CLAIM FOR RELIEF AVOIDING THE TRANSFERS AS FRAUDULENT TRANSFERS PURSUANT TO BANKRUPTCY CODE § 544(b) AND DCL § 273(a).. 7

    III.    THE PLAINTIFF IS ENTITLED TO JUDGMENT WITH RESPECT TO HIS SIXTH CLAIM FOR RELIEF AVOIDING THE TRANSFERS AS FRAUDULENT TRANSFERS PURSUANT TO BANKRUPTCY CODE § 544(b) AND DCL § 276 ...... 9

**CONCLUSION** ............................................................................................................... 10

# TABLE OF AUTHORITIES

**Cases**

Anderson v. Liberty Lobby, Inc.,
   477 U.S. 242 (1986) .................................................................................................. 3, 4

Cadle Co. v. Newhouse, 01 Civ. 1777
   (DC), 2002 U.S. Dist. LEXIS 15173 (S.D.N.Y. Aug. 15, 2002) ............................. 7

Cadle Co. v. Newhouse,
   2002 WL 1888716 *4 (S.D.N.Y. 2002) ................................................................. 3-4

Celotex Corp. v. Catrett,
   477 U.S. 317 (1986) .................................................................................................. 2, 3

Durrant v. Kelly,
   588 N.Y.S.2d 196 (N.Y. App. Div. 2d Dep't 1992) ............................................... 8-9

Goscienski v. Larosa
   (In re Montclair Homes), 200 B.R. 4 (Bankr. E.D.N.Y. 1996) .............................. 9

Grace v. Bank Leumi Trust Co.,
   443 F.3d 180 (2d Cir. 2006) .................................................................................... 8

In re Corcoran,
   246 B.R. 152 (E.D.N.Y. 2000) ................................................................................ 6, 7

In re OPM Leasing Services, Inc.,
   40 B.R. 380 (Bankr. S.D.N.Y) ................................................................................ 7

In re Singh,
   434 B.R. 298 (Bankr. E.D.N.Y. 2010) .................................................................... 7

Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,
   475 U.S. 574 (1986) ................................................................................................. 3

Mendelsohn v. Pappas
   (In re Pappas), 239 B.R. 448 (E.D.N.Y. 1999) ....................................................... 7

Messer v. Peykar Int'l Co.
   (In re Fine Diamonds, LLC), 501 B.R. 159 (Bankr. S.D.N.Y. 2013) ..................... 7

Neshewat v. Salem,
   365 F. Supp. 2d 508–21 (S.D.N.Y. 2005) ................................................................ 8

Ralar Distribs. v. Rubbermaid
   (In re Ralar Distribs.), 4 F.3d 62 (1st Cir. 1993) ..................................................... 3

Salomon v. Kaiser
   (In re Kaiser), 722 F.2d 1574 (2d Cir. 1983) .......................................................... 9, 10

<u>United States v. Hansel</u>,
    999 F. Supp. 694 (N.D.N.Y. 1998) ............................................................................... 7

<u>United States v. Red Stripe</u>,
    792 F. Supp. 1338 (E.D.N.Y 1992) ........................................................................... 6-7

<u>Wimbledon Fin. Master Fund, Ltd. v Wimbledon Fund, SPC</u>,
    2016 NY Slip Op 32556(U) (Sup. Ct., New York County December 22, 2016) ..................... 6

**Statutes**

11 U.S.C. § 544 ............................................................................................................... 2, 6, 7, 9
11 U.S.C. § 550 ....................................................................................................................... 2
28 U.S.C. §§ 157 ..................................................................................................................... 2
28 U.S.C. § 1334 ..................................................................................................................... 2
28 U.S.C. § 1408 ..................................................................................................................... 2
28 U.S.C. § 1409 ..................................................................................................................... 2
N.Y. Debt. & Cred. Law § 272 ................................................................................................ 6
N.Y. Debt. & Cred. Law § 273 ................................................................................................ 7
N.Y. Debt. & Cred. Law § 273-a ......................................................................... 2, 6, 7, 8, 10
N.Y. Debt. & Cred. Law § 276 ....................................................................................... 2, 6, 9

**Federal Rules**

Local Bankruptcy Rule 7056-1(b) ........................................................................................... 4
Rule 56 of the Federal Rules of Civil Procedure ................................................................. 1, 2
Rule 7056 of the Federal Rules of Bankruptcy Procedure ............................................ 1, 2, 4, 6

Plaintiff Salvatore LaMonica, solely as Chapter 7 Trustee (the "Plaintiff" or "Trustee") of the estate of Pretty Girl, Inc. (the "Debtor"), by his counsel, LaMonica Herbst & Maniscalco LLP, respectfully submits this Memorandum of Law in support of his motion (the "Motion"), pursuant to Rule 56 of the Federal Rules of Civil Procedure (the "Federal Rules"), as made applicable by Rule 7056 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for partial summary judgment against defendant NedM Payables Corp. (the "Defendant") with respect to the second, third and sixth claims for relief set forth in the Complaint dated June 30, 2016 (the "Complaint"),[1] and respectfully sets forth as follows:

## PRELIMINARY STATEMENT

By the Motion, the Trustee requests entry of summary judgment against Defendant with respect to the Trustee's second, third and sixth claims for relief in which he seeks to avoid and recover $289,030.08 in Transfers made to Defendant within the six (6) year period prior to the Filing Date (as defined below).

The Transfers were as follows:

| Check No./Wire | Clear Date | Amount of Transfer |
|---|---|---|
| Wire | 9/23/2011 | $123,012.84 |
| Wire | 9/27/2011 | $36,697.51 |
| Wire | 10/12/2011 | $29,891.62 |
| Wire | 10/25/2011 | $67,000.00 |
| Wire | 10/27/2011 | $17,678.09 |
| Wire | 10/28/2011 | $11,700.02 |
| 79698 | 4/7/2014 | $3,050.00 |

Each of the Transfers was paid from the Debtor's pre-petition operating account and Defendant has acknowledged receipt of each as the initial transferee.

---

[1] This Motion is without prejudice to the Trustee's rights to seek summary judgment with respect to the other claims for relief set forth in the Complaint.

1

As will be demonstrated herein, the Transfer were made with intent to hinder, delay and avoid a judgment rendered in favor of the New York City Environmental Control Board, were not made in good faith, and were made between related parties with knowledge of their voidability.

Accordingly, the Trustee requests partial summary judgment avoiding the Transfers as fraudulent transfers pursuant to Sections 544(b) and 550 of Title 11 of the United States Code (the "Bankruptcy Code") and Sections 273, 273-a and 276 of the New York Debtor and Creditor Law (the "DCL")[2].

## STATEMENT OF JURISDICTION

This Court has jurisdiction over this bankruptcy case, adversary proceeding, and the Motion pursuant to 28 U.S.C. §§ 157 and 1334.

This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (H).

Venue of this bankruptcy case is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

The statutory predicates for the relief sought herein are sections Bankruptcy Code §§ 544 and 550, DCL §§ 273, 273-a and 276, Federal Rule 56, Bankruptcy Rule 7056, Rule 7056-1 of the Court's Local Bankruptcy Rules (the "Local Rules"), and common law.

## STANDARD OF REVIEW

Under Federal Rule 56, as made applicable to this proceeding by Bankruptcy Rule 7056, the Court shall grant summary judgment when "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(a); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (citation omitted). The party moving for summary

---

[2] As effective on the dates of the Transfers.

judgment is required to demonstrate that there is "an absence of evidence which supports the nonmoving party's case." Id. at 325.

It is well settled that a "party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986) (quotation, alteration and citation omitted). Moreover, "[t]he moving party is entitled to a judgment as a matter of law because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." Celotex, 477 U.S. at 323 (quotation omitted); see Ralar Distribs. v. Rubbermaid (In re Ralar Distribs.), 4 F.3d 62, 67 (1st Cir. 1993) ("As to any essential factual element of its claim on which the nonmovant would bear the burden of proof at trial, its failure to come forward with sufficient evidence to generate a trial-worthy issue warrants summary judgment for the moving party." (citation omitted)). Accordingly, the burden on the moving party may be discharged by pointing out to the court "that there is an absence of evidence to support the nonmoving party's case." Celotex, 477 U.S. at 325.

If the movant meets its initial burden, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Rather, it must present "significant probative evidence" that a genuine issue of fact exists. Anderson, 477 U.S. at 249 (internal citations and quotation marks omitted). "There is no issue for trial unless there exists sufficient evidence in the record favoring the party opposing summary judgment to support a jury verdict in that party's favor." Cadle Co. v. Newhouse, 2002 WL 1888716 *4 (S.D.N.Y. 2002) (citing Anderson, 477

U.S. at 249); see also Anderson, 477 U.S. at 250 (finding that summary judgment is appropriate only when "there can be but one reasonable conclusion as to the verdict").

As will be demonstrated below, there are no genuine issues of material fact with respect to the first through third, eighth and tenth claims for relief, and Plaintiff is entitled to judgment as a matter of law.

## BACKGROUND

The Court and all interested parties are respectfully referred to the Plaintiff's Statement of Material Facts Pursuant to Local Bankruptcy Rule 7056-1(b) and the exhibits annexed thereto (the "7056 Statement"), being filed simultaneously herewith, for the relevant factual and procedural background which is briefly summarized below. All capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the 7056 Statement.

On July 2, 2014 (the "Filing Date"), the Debtor filed a voluntary petition for reorganization pursuant to Chapter 11 of the Bankruptcy Code. [Main Case Dkt. No. 1]

On December 11, 2014, the Debtor filed a motion to convert the Chapter 11 case to a Chapter 7. [Main Case Dkt. No. 127]

On December 23, 2014 (the "Conversion Date"), an Order was entered converting the Debtor's Chapter 11 case to a Chapter 7 case. [Main Case Dkt. No. 142]

By Notice of Appointment dated December 24, 2014, Salvatore LaMonica, Esq., was appointed the interim Chapter 7 Trustee of this estate, has since duly qualified and the permanent Chapter 7 Trustee of this estate. [Main Case Dkt. No. 143]

Defendant was the recipient of $289,030.08 via six (6) wires and one (1) check (individually, a "Transfer" and, collectively, "Transfers") from the Debtor, which payments cleared Debtor's bank accounts.

On or about June 30, 2016, the Trustee commenced this action to avoid and recover the Transfers. [Docket No. 1]

Defendant interposed an answer on March 20, 2017. [Docket No. 13]

Defendant has acknowledged receipt of the Transfers. See Exhibit "E" to the 7056 Statement (Response to Request for Admission No. 9).

Defendant has admitted that the Transfers were not paid on account of an antecedent debt owed by the Debtor to Defendant, that the Debtor was not a guarantor of any debt owed by Defendant to a third party at the time of the Transfers, that it was not a creditor of the Debtor on the dates of the Transfers, and that it did not directly repay the Debtor the amount of the Transfers. See Exhibit "E" to the 7056 Statement (Response to Request for Admission Nos. 10-11, 14-15).

When appearing for a deposition on behalf of Defendant on November 20, 2017, Albert Nigri (the common owner and officer of the Debtor and Defendant) testified, that the New York City Environmental Control Board had "a judgment against Pretty Girl and all the other stores, so, in order to protect ourselves from using the bank account in Chase, for Pretty Girl and the affiliate, they all had judgments, so, we opened this company [NEDM Payables] to take money and use it for banking. Otherwise, we had a judgment and they would have put the lien on the money in Chase." See Exhibit "G" to the 7056 Statement, p. 12.

Mr. Nigri further testified that "we were afraid to put money in our bank account in Chase because they had a judgment on most of the account. So, we used that account. . . to put all the money in there." See Exhibit "G" to the 7056 Statement, p. 14.

Each of the Transfers took place subsequent to the commencement of an action for money damages against the Debtor in April 2009. See Exhibit "H" to the 7056 Statement.

5

Judgment was entered in favor of the plaintiff therein, Osama Hazza Saleh, on June 13, 2014 in the sum of $3.365 million. Id.

The judgment was unsatisfied as of the Filing Date. See Exhibit "I" to the 7056 Statement.

## ARGUMENT

I. **THE PLAINTIFF IS ENTITLED TO JUDGMENT WITH RESPECT TO HIS SECOND CLAIM FOR RELIEF AVOIDING THE TRANSFERS AS FRAUDULENT TRANSFERS PURSUANT TO BANKRUPTCY CODE § 544(b) AND DCL § 273**

Under his second claim for relief in each complaint, the Trustee seeks to avoid the Transfers under DCL § 273.

Under DCL § 272, a conveyance must be undertaken in good faith. As noted in Wimbledon Fin. Master Fund, Ltd. v Wimbledon Fund, SPC, 2016 NY Slip Op 32556(U) (Sup. Ct., New York County December 22, 2016),

> even if there is fair consideration, a transfer is still constructively fraudulent in the absence of good faith on the part "of **both** the transferor and the transferee." Id. at 303 (emphasis added), quoting Berner Trucking, Inc. v Brown, 281AD2d924, 925 (1st Dept 2001); see Sardis v Frankel, 113 AD3d 135, 142 (1st Dept 2014) ("'Fair consideration' ... is not only a matter of whether the amount given for the transferred property was a 'fair equivalent' or 'not disproportionately small,' which the parties vigorously dispute, but whether the transaction is made 'in good faith,' an obligation that is imposed on both the transferor and the transferee."). Importantly, as pertinent here, "[a]n insider payment is not in good faith, regardless of whether or not it was paid on account of an antecedent debt." Am. Media, Inc. v Bainbridge & Knight Labs., LLC, 135 AD3d 477, 478 (1st Dept 2016), citing EAC of N.Y, Inc. v Capri 400, Inc., 49 AD3d 1006, I 007 (3d Dept 2008).

Since the Transfers to Defendant were not made in good faith, they are subject to avoidance and recovery by the Trustee even if the Transfers were expended, in part, for the Debtor's benefit.

Where, as here, a transfer is made without consideration, courts have applied a presumption of insolvency that shifts the burden to the defendant to rebut by showing continued solvency after the transaction. See In re Corcoran, 246 B.R. 152, 163 (E.D.N.Y. 2000); United States v. Red

6

Stripe, 792 F. Supp. 1338, 1342 (E.D.N.Y 1992); In re OPM Leasing Services, Inc., 40 B.R. 380, 392 (Bankr. S.D.N.Y), affirmed, 44 B.R. 1023 (S.D.N.Y 1984).

"Once it is established that a debtor transferred property without fair consideration, however, the law presumes that the transfer rendered him insolvent." Sullivan v. Messer (In re Corcoran), 246 B.R. 152, 163 (E.D.N.Y. 2000); see In re Singh, 434 B.R. 298, 311 (Bankr. E.D.N.Y. 2010) (quoting Sullivan v. Messer). This presumption shifts the burden "to the defendant[] to establish that the debtor was solvent at the time of the transfers." Messer v. Peykar Int'l Co. (In re Fine Diamonds, LLC), 501 B.R. 159, 181 (Bankr. S.D.N.Y. 2013) (citations omitted); see Cadle Co. v. Newhouse, 01 Civ. 1777 (DC), 2002 U.S. Dist. LEXIS 15173, at *16 n.5 (S.D.N.Y. Aug. 15, 2002) ("It is clear that a party challenging a conveyance under D.C.L. § 273 has the burden of proving both insolvency and the lack of fair consideration, although the burden shifts, in cases where there appears to be no consideration, to the transferor (or transferee) to prove the legitimacy of the transaction."); United States v. Hansel, 999 F. Supp. 694, 699 (N.D.N.Y. 1998) ("[I]f the conveyance is found lacking in consideration, the defendant will have the burden of proving solvency.").

Defendant cannot rebut that presumption. As such, judgment should be awarded in favor of the Trustee and against the Defendant on his second claim for relief.

## II. THE PLAINTIFF IS ENTITLED TO JUDGMENT WITH RESPECT TO HIS THIRD CLAIM FOR RELIEF AVOIDING THE TRANSFERS AS FRAUDULENT TRANSFERS PURSUANT TO BANKRUPTCY CODE § 544(b) AND DCL § 273(a)

In his third claim for relief, the Trustee utilizes under Bankruptcy Code § 544(b)(1) to seek to avoid the Transfers pursuant to DCL § 273-a. See Mendelsohn v. Pappas (In re Pappas), 239 B.R. 448, 454 (E.D.N.Y. 1999) (concluding bankruptcy trustee has standing to pursue claim under DCL § 273-a in light of trustee's powers under Bankruptcy Code § 544(b)(1)).

Section 273-a provides as follows:

> Every conveyance made without fair consideration when the person making it is a defendant in an action for money damages or a judgment in such an action has been docketed against him, is fraudulent as to the plaintiff in that action without regard to the actual intent of the defendant, if, after final judgment for the plaintiff, the defendants fails to satisfy the judgment.

N.Y. DEBT. & CRED. LAW § 273-a (McKinney 2012). The Second Circuit Court of Appeals has explained that

> To prevail on a claim under DCL § 273-a, a plaintiff must establish (1) that the conveyance was made without fair consideration; (2) that the conveyor is a defendant in an action for money damages or that a judgment in such action has been docketed against him; and (3) that the defendant has failed to satisfy the judgment.

Grace v. Bank Leumi Trust Co., 443 F.3d 180, 188 (2d Cir. 2006).

On April 29, 2009, Osama Hazza Saleh commenced an action against the Debtor and three co-defendants in the United States District Court for the Eastern District of New York under docket no. 09-cv-1769 (RER), by the filing of a complaint (the "Saleh Action"). On June 13, 2014, the District Court entered judgment in the sum of $3.365 million against the Debtor and its co-defendants in the Saleh Action (the "Saleh Judgment"). See Exhibit "H" to the 7056 Statement. According to the Debtor's List of creditors holding the 20 largest unsecured claims and Schedule F to the Debtor's Petition, the Saleh Judgment was wholly unsatisfied as of the Filing Date. See Exhibit "I" to the 7056 Statement.

Accordingly, there are no questions of fact with respect to any of these elements and the Trustee is entitled to judgment in his favor on third claim for relief. See, e.g., Neshewat v. Salem, 365 F. Supp. 2d 508, 518–21 (S.D.N.Y. 2005) (granting motion for summary judgment on DCL § 273-a claim where defendant had transferred real property from himself to himself and his wife for no consideration at a time when defendant was a defendant in an action for money damages and judgment arising therefrom remained unsatisfied); Durrant v. Kelly, 588 N.Y.S.2d 196, 196

8

(N.Y. App. Div. 2d Dep't 1992) (upholding grant of summary judgment to plaintiff under DCL § 273-a where defendant "transferred real property to his wife without fair consideration at a time when an action for damages was pending against him, and the ensuing judgment against him was never satisfied" (citation omitted)).

**III.     THE PLAINTIFF IS ENTITLED TO JUDGMENT WITH RESPECT TO HIS SIXTH CLAIM FOR RELIEF AVOIDING THE TRANSFERS AS FRAUDULENT TRANSFERS PURSUANT TO BANKRUPTCY CODE § 544(b) AND DCL § 276**

In connection with the Trustee's sixth claim for relief, DCL § 276 makes every conveyance made or obligation incurred with actual intent to hinder, delay, or defraud creditors fraudulent as to those creditors. N.Y. Debt. & Cred. Law § 276. To prove a claim for a fraudulent conveyance, the creditor must show that "(1) the thing disposed of must be of value, out of which the creditor could have realized a portion of his claim; (2) it must be transferred or disposed of by the debtor; and (3) it must be done with intent to defraud." Goscienski v. Larosa (In re Montclair Homes), 200 B.R. 4, 96 (Bankr. E.D.N.Y. 1996) (citing Hoyt v. Godfrey, 88 N.Y. 669 (1882)). Such intent to defraud must be shown by clear and convincing evidence. Montclair Homes, 200 B.R. at 96 (citing United States v. McCombs, 30 F.3d 310 (2d Cir. 1994)).

While actual fraud is rarely susceptible to direct proof, Mr. Nigri has admitted that the Transfers were made with intent to hinder the New York City Environmental Control Board in the enforcement of a judgment. When such direct proof is unavailable, fraudulent intent is typically shown by circumstantial evidence through the "badges of fraud." Salomon v. Kaiser (In re Kaiser), 722 F.2d 1574, 1583 (2d Cir. 1983). Those badges include:

> (1) the lack or inadequacy of consideration;
> (2) the family, friendship or close associate relationship between the parties;
> (3) the retention of possession, benefit or use of the property in question;
> (4) the financial condition of the party sought to be charged both before and after the transaction in question;
> (5) the existence or cumulative effect of a pattern or series of transactions or course of conduct after the incurring of debt, onset of financial difficulties, or

9

> pendency or threat of suits by creditors; and
> (6) the general chronology of the events and transactions under inquiry.

Id. at 1583-84.

Defendant contends that the Transfers were used to pay obligations owed by the Debtor or its non-debtor affiliates to third-parties. Even if this was substantiated by Defendant, which it has not done so through its scant document production, and the Debtor may have benefitted from some of the Transfers to Defendant, numerous classical badges of fraud are still present, namely: (i) Defendant is obviously a related entity, (ii) the Debtor's assets were greatly diminished by the Transfers; and (iii) the conveyance of the funds to Defendant by the Debtor was made for the acknowledged purpose of avoiding efforts by New York City to collect a debt.

Mr. Nigri's testimony and the foregoing badges of fraud evidence that the Transfers were made with actual intent to hinder, delay and defraud the Debtor's creditors, and that the Trustee is entitled to judgment.

## CONCLUSION

As demonstrated above, there are no genuine issues of material fact with respect to the second, third and sixth claims for relief and the Trustee has met his burden with respect to each of the elements of such claim.

In particular, the undisputed evidence demonstrates that the Debtor made the Transfers to Defendant and the Transfers were not made or received in good faith. As a result, the Debtor is presumed to have been insolvent at the time each of the Transfers was made. Even without that presumption, the Transfers were made without fair consideration, while the Debtor was a defendant in the Saleh Action in which the Saleh Judgment was rendered against the Debtor and the Saleh Judgment remained unsatisfied in violation of DCL § 273-a.

Accordingly, the Trustee respectfully requests that summary judgment be granted against Defendant on the Trustee's second, third and sixth claims for relief.

**WHEREFORE**, for all the foregoing reasons, the Trustee respectfully requests that summary judgment be entered with respect to the second, third and sixth claims for relief and for such other and further relief as the Court deems just and proper.

Dated: July 22, 2020
      Wantagh, New York

                                      **LaMONICA HERBST & MANISCALCO, LLP**
                                      *Counsel to Plaintiff Salvatore LaMonica, solely as*
                                      *Chapter 7 Trustee of the Estate of Pretty Girl, Inc.*

By:    ***s/David A. Blansky***
           David A. Blansky, Esq.
           3305 Jerusalem Avenue, Suite 201
           Wantagh, New York 11793
           Telephone: (516) 826-6500